**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 31 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELOY MASCORRO,

Plaintiff - Appellant,

v.

CITY OF SAN DIEGO; BRADFORD
GREEN; TRAVIS LARSON; EDUARDO
RODRIGUEZ; LORRAINE TANGOG;
ROBERTO BEJAR; ZADOK OTHNIEL;
HOUSE OF PACIFIC RELATIONS;
HOUSE OF NORWAY; EUGENE KING;
ANNELISE MOGSTAD; MAURY LEE,

Defendants - Appellees.

No. 25-678

D.C. No. 3:21-cv-01427-RSH-DDL

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Robert Steven Huie, District Judge, Presiding

Submitted July 29, 2026[**]

Before:    McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

Eloy Mascorro appeals pro se from the district court's summary judgment

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and dismissal orders in his 42 U.S.C. § 1983 action alleging federal and state law claims relating to his arrest for trespass. We have jurisdiction under 29 U.S.C. § 1291. We review de novo. *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007) (summary judgment); *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017) (dismissal for failure to state a claim); *Manufactured Home Cmtys., Inc. v. County of San Diego*, 655 F.3d 1171, 1176 (9th Cir. 2011) (grant of a motion to strike under California's anti-Strategic Litigation Against Public Policy ("anti-SLAPP") statute). We affirm.

The district court properly granted summary judgment on Mascorro's unlawful arrest claim because Mascorro failed to raise a genuine dispute of material fact as to whether defendants lacked probable cause to arrest Mascorro for trespassing. *See* Cal. Pen. Code §§ 602(m), (o); *Lacey v. Maricopa County,* 693 F.3d 896, 918 (9th Cir. 2012) ("A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification."); *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (explaining when probable cause exists); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (stating requirements for establishing supervisory liability).

The district court properly dismissed Mascorro's claims against the City of San Diego because Mascorro failed to allege facts sufficient to show that he

suffered a constitutional violation as a result of an official policy or custom. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (discussing requirements to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)).

The district court properly dismissed Mascorro's federal claims against the House of Pacific Relations ("HPR") defendants because Mascorro failed to allege facts sufficient to show that these defendants were acting under color of state law for purposes of § 1983. *See Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011) (setting forth elements of a § 1983 claim, including that the defendant be acting under color of state law); *see also O'Handley v. Weber*, 62 F.4th 1145, 1156-57 (9th Cir. 2023) (setting forth the two-step framework to analyze state action).

The district court properly granted the HPR defendants' special motion to strike Mascorro's state law claims under California's anti-SLAPP statute because these claims were based on the protected activity of reporting Mascorro to the police, and Mascorro failed to show a probability of prevailing on the merits as these claims were time-barred. *See* Cal. Civ. Proc. Code § 425.16(e) (setting forth

what constitutes protected activity); *Chabak v. Monroy*, 65 Cal. Rptr. 3d 641, 647 (Ct. App. 2007) (holding that claims based on statements to the police arose from protected activity); *Dwight R. v. Christy B.,* 151 Cal. Rptr. 3d 406, 416 (Ct. App. 2013) (explaining that a defendant may invoke the anti-SLAPP statute unless the activity is unlawful as a matter of law); *see also* Fed. R. Civ. P. 15(c)(1) (setting forth requirements for an amendment to relate back to the date of the original pleading).

The district court properly dismissed Mascorro's claims against John Doe defendants because Mascorro failed to identify the Doe defendants after the completion of discovery. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (use of John Doe defendant permitted through the close of discovery).

We reject as without merit Mascorro's challenges to the district court's interlocutory orders, including the orders regarding in-person access to the courthouse and service of filings.

**AFFIRMED.**